**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-01164-VAP (DTBx)               Date: July 17, 2013

Title:   MARTHA JO PETERS -v- EMPLOYMENT DEVELOPMENT OF CALIFORNIA; MARRIOTT HOTEL COMPANY

===============================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:    ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION (IN CHAMBERS)

    On July 8, 2013, Plaintiff Martha Jo Peters ("Plaintiff") filed a Complaint against Defendants Employment Development of California ("EDD") and Marriott Hotel Company ("Marriott") (collectively "Defendants"). (Doc. No. 3 ("Complaint").) From the Complaint, it is unclear whether this Court has jurisdiction. For the reasons discussed below, the Court orders Plaintiff to show cause regarding subject-matter jurisdiction.

    "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." <u>Peralta v. Hispanic Bus., Inc.</u>, 419 F.3d 1064, 1069 (9th Cir. 2005). The Court has an independent obligation to ensure that its subject-matter jurisdiction has been invoked properly. Fed. R. Civ. P. 12(h)(3). A

party may invoke the Court's jurisdiction under federal question, where there is an action "arising under the Constitution, law, or treaties of the United States. 28 U.S.C. § 1331. Alternatively, a party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id.

Upon review of the Complaint, the Court finds that Plaintiff fails to present a federal question. Plaintiff cites, as the basis of her claim, violations of a number of California state laws, but there is no federal claim for this Court to resolve.

Similarly, Plaintiff fails to invoke diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff does not sufficiently allege her own citizenship, or the citizenship of the Defendants. Additionally, Plaintiff does not allege damages in excess of $75,000 to fulfill the amount-in-controversy requirement.

Plaintiff also fails to establish that the Court has supplemental jurisdiction over the California state law claims. The Court may exercise supplemental jurisdiction at its own discretion, but the Court may decline to exercise supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The Supreme Court has stated, and we have often repeated, that 'in the unusual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). As stated above, there is no federal claim alleged here.

Finding that the basis of the Court's jurisdiction is unclear, the Court ORDERS Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiff shall file a response, in writing, no later than July 30, 2013. Failure to respond shall result in this action being dismissed without

EDCV 13-01164-VAP (DTBx)
MARTHA JO PETERS v EMPLOYMENT DEVELOPMENT OF CALIFORNIA; MARRIOTT HOTEL COMPANY
MINUTE ORDER of July 17, 2013

prejudice.

**IT IS SO ORDERED.**